IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
DEC 0 4 2013
Clerk, U.S. District Court
District Of Montana
Missoula

| SHAWN RYAN COWAN,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF JUSTICE, GOVERNMENT OF MONTANA DISTRICT, 21ST JUDICIAL DISTRICT, JEFFREY H. LANGTON, and NUMEROUS UNKNOWN OR CURRENTLY UNIDENTIFIED DEFENDANTS,<br><br>Defendants. | CV 13-231-M-DWM-JCL<br><br>Order and Findings and Recommendations of United States Magistrate Judge |
|---|---|

This matter comes before the Court on Plaintiff Shawn Ryan Cowan's Motion to Proceed in Forma Pauperis (Doc. 1), proposed Complaint. (Doc. 2), Motion for Injunctive Relief (Doc. 3) and Motion to adopt previously filed CV 12-105-M-DLC-JCL (Doc. 4). The motion to proceed in forma pauperis will be granted. After conducting the prescreening process mandated by 28 U.S.C.§1915, the Court finds that Cowan has not named a proper defendant, his claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), and any claims accruing prior to November 4, 2010 are barred by the statute of limitations. The Complaint should be dismissed.

## I. Motion to Proceed in Forma Pauperis

Cowan submitted a declaration sufficient to make the showing required by 28 U.S.C.§1915(a). Although Cowan only submitted four months of account statements (the statute requires six), the request to proceed in forma pauperis will be granted. Because Cowan is currently incarcerated, he must still pay the statutory filing fee of $350.00. 28 U.S.C.§1915(b)(1). Cowan has only submitted four months of account statements, therefore, it is not possible to determine an appropriate initial filing fee and that fee will be deferred. Cowan will be required to make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. *See* 28 U.S.C.§1915(b)(2). A separate order will direct the agency having custody of Cowan to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §1915(b)(2).

## II. Statement of Case

### A. Parties

Cowan is proceeding without counsel. He names the following Defendants: 'U.S. Department of Justice, Government of Montana District, 21st Judicial District of/and Jeffrey H. Langton, and Numerous Unknown or Currently Unidentified Defendants."

**B. Allegations**

Cowan's allegations are varied, vague and expansive. He states there has been "some kind of feud between Montana's government and the Cowan family" for the past twenty years. And more specifically, that "[o]ver the past twenty years, in the 21st Judicial District of Ravalli County and Montana Departments a perversion of justice and general corruption has created and [sic] extreme failure to uphold Constitutional Statutes of Nation and State creating a miscarriage of justice," that has allegedly led to his being unlawfully prosecuted and incarcerated. (Doc. 2 at 2, 8.)

**C. State Court Criminal Proceedings**

According to the November 29, 2012 Adult Probation & Parole Report of Violation attached to the Complaint, Cowan pled guilty to Aggravated Kidnapping on May 29, 2002 and was given a six-year deferred sentence by Judge Langton on August 28, 2002.

On May 25, 2005, Judge Langton found Cowan guilty of violating the conditions of his probation and he was sentenced to the Department of Corrections for ten years with six years suspended. Cowan was paroled on November 7, 2007 but his parole was revoked in April 2008 and he was sent back to prison until he discharged his parole on December 14, 2008.

On May 13, 2009, Cowan again appeared before Judge Langton and pled guilty to burglary and possession of dangerous drugs. He was given two five-year suspended sentences. It is presumed that Cowan's suspended sentence has been revoked as he is currently incarcerated at Montana State Prison.

**III. Screening per 28 U.S.C. §1915A**

As Cowan is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C.§§1915, 1915A which allow for the dismissal of a complaint filed in forma pauperis before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Pleadings that are no more than

conclusions are not entitled to the presumption of truth and may be disregarded. *Iqbal*, 556 U.S. at 679.

"A document filed pro se is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**IV. Analysis**

**A. Challenge to Conviction**

At bottom, Cowan is challenging the constitutional validity of his latest state criminal conviction, which he cannot do by way of a civil action under 42 U.S.C. §1983. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States

Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a§1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 487.

A finding that Cowan's rights were violated during his criminal proceedings would necessarily imply the invalidity of his conviction. As Cowan's conviction has not been reversed, declared invalid, expunged, or called into question, any claims challenging his conviction or sentence are barred by *Heck*.

**B. Judicial Immunity**

Judge Langton is entitled to judicial immunity. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . .

however injurious in its consequences it may have proved to the plaintiff and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199 200 (1985).

Because all allegations against Judge Langton arise from his duties in connection with Cowan's criminal proceedings, he is entitled to judicial immunity.

**C. Statute of Limitations**

"For actions under 42 U.S.C.§ 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (*citing Fink v. Shedler*, 192 F .3d 911, 914 (9th Cir. 1999)); *see also Wilson v. Garcia*, 471 U.S. 261 (1985).

In Montana, that period is three years after the action accrues. Mont. Code. Ann.§27-2-204(1). Therefore, all claims arising prior to November 4, 2010 are barred by the applicable statute of limitations.

**D. Eleventh Amendment**

The State of Montana and all state agencies are protected by immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against

one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann.§2-9-101 et seq. Hence all claims against the "Government of Montana District" to the extent Cowan intended those as claims against the State of Montana cannot be brought in federal court.

There is an exception to the general prohibition of the Eleventh Amendment when seeking prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997). Cowan has not named any state official in his or her official capacity.

**E. United States Department of Justice**

Cowan's only allegation against the United States Department of Justice is that it has failed to render uniform and stable justice. These claims are barred by the *Heck* doctrine as set forth above and should be dismissed.

## V. Conclusion

Cowan has not named a proper defendant and his claims are barred by the *Heck* doctrine and the applicable statute of limitations. These are not defects which could be cured by amendment. The Complaint should be dismissed.

**A. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court before or after the notice of appeal is filed certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C.§1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Cowan's claims are frivolous and no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**B. "Strike" under 28 U.S.C. §1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C.§1915(g).

The question of whether a complaint dismissed pursuant to *Heck*, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes,* 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A§1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal, et al.*, 1:08 CV 01327 DMS AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11-531-PHX-DGC 2011 U.S. Dist. WL 1261293

(D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court finds that a dismissal pursuant to *Heck* should be a strike under 28 U.S.C.§1915(g).

In addition, Cowan's claims are barred by the applicable statute of limitations and Defendants Langton and the Government of Montana are entitled to immunity. The dismissal of this case should constitute a strike under 28 U.S.C.§1915(g).

**C. Address Change**

At all times during the pendency of this action, Cowan shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Cowan's Motion to Proceed in Forma Pauperis (Doc. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED." The Complaint is deemed filed on November 4, 2013.

3. Cowan's Motion to Adopt Previously Filed case (Doc. 4) is denied as moot in light of these recommendations.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. In light of the recommendation to dismiss this case, Cowan's motion for injunctive relief (Doc. 3) should be denied.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C.§ 1915(g).

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Cowan may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof. 28 U.S.C.§ 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of December, 2013.

Jeremiah C. Lynch
United States Magistrate Judge