IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



SHAWN RYAN COWAN,

    Plaintiff,

vs.

U.S. DEPARTMENT OF JUSTICE,
GOVERNMENT OF MONTANA
DISTRICT, 21ST JUDICIAL DISTRICT,
JEFFERY H. LANGTON, and
NUMEROUS UNKNOWN OR
CURRENTLY UNIDENTIFIED
DEFENDANTS,

    Defendants.

CV 13-231-M-DWM-JCL

ORDER

This matter comes before the Court on Plaintiff Shawn Ryan Cowan's proposed Complaint (Doc. 2) and motion for injunctive relief (Doc. 3). Magistrate Judge Jeremiah Lynch entered findings and recommendations on December 4, 2013, recommending this matter be dismissed and the motion for injunctive relief denied. (Doc. 7.)

Cowan is entitled to *de novo* review of the specified findings or recommendations to he objects. 28 U.S.C. § 636(b)(1). The Court reviews the findings and recommendations that are not specifically objected to for clear error.

1

*McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Cowan filed objections to Judge Lynch's findings and recommendations on December 23, 2013. (Doc. 9.) Despite these objections, the Court agrees with Judge Lynch's analysis and conclusion. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Cowan objects to Judge Lynch's findings that: (1) Cowan cannot challenge the validity of his criminal conviction by way of civil action under 42 U.S.C. § 1983, (2) Judge Langton is entitled to judicial immunity, (3) claims arising prior to November 4, 2010 are barred by the applicable statute of limitations, and (4) the State of Montana and all state agencies are protected by immunity under the Eleventh Amendment to the United States Constitution.

I.

In response to Judge Lynch's determination that Cowan cannot challenge the validity of his criminal conviction through 42 U.S.C. § 1983, Cowan asserts that he suffers from a cognitive disability and has been denied his medication and equal redress due to his inability to teach himself the legal process. Cowan's objection does not specifically address Judge Lynch's interpretation or application of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) or the determination that 42 U.S.C. § 1983 is not the proper vehicle for his claims. Although pro se filings are

to be liberally construed and held to less stringent standards, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Cowan has not demonstrated that his conviction or sentence has been invalidated. Because Cowan's claims would necessarily imply the invalidity of his conviction, Cowan's claims are barred by *Heck*.

II.

Cowan also objects to Judge Lynch's findings regarding judicial immunity. As discussed by Judge Lynch, judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's official capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11, 12 (1991). For the purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1389 (9th Cir. 1987). Cowan contends judicial immunity does not apply to Jeffery H. Langton because of his previous recusal and because the State of Montana relinquished jurisdiction.

It is unclear from the objections how the State of Montana relinquished jurisdiction or how Judge Langton acted outside of his judicial duties. Absent such a showing, judicial immunity applies to Judge Langton as all the allegations against him arise from his duties in connection with Cowan's criminal

proceedings.

As further noted by Judge Lynch, the Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous they act may have been . . . however injurious in its consequences it may have proved to the plaintiff and irrespective of the judge's motivations." *Cleavinger v. Saxner*, 474 U.S. 193, 199, 200 (1985). Cowan's objection focuses on what he perceives were wrong-doings on the parts of the investigators, the attorneys, Judge Langton and the State. The conduct described, however, does not prevent the State from having jurisdiction or the application of judicial immunity in the present matter.

III.

Cowan contends the Bill of Rights is "not attached to a statute of limitations." (Doc. 9 at 4.) However, Cowan alleges personal injury at the hands of the State and its actors. (Doc. 2 at 8-9.) For actions under 42 U.S.C. § 1983, the Court applies the forum statue's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Montana, that period is three years after the action accrues. Mont Code Ann. § 27-2-204(1). Further, to the extent the Complaint alleges a civil RICO action, such claims are barred by the relevant four-year statute of limitations. *See Rotella v. Wood*, 528

U.S. 549 (2000) (holding that the four-year statute of limitations period begins as soon as the plaintiff discovers his injury).

IV.

Finally, Cowan objects to Judge Lynch's findings of immunity for the State under the Eleventh Amendment. The United States Supreme Court has interpreted the Eleventh Amendment to mean that absent a waiver, neither a State nor an agency of the State acting under its control may be subject to suit in federal court. *P.R. Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). There is an exception to this general prohibition when a plaintiff is seeking prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997).

Cowan has not named any state official in his or her official capacity, thus the limited exception to the general immunity rule does not apply in this case. There is also no indication of waiver. However, Cowan contends the State and its agencies were not "acting under [the State's] control" when violating State and Federal laws and his Constitutional rights. Cowan provides no support for this contention. Rather, Cowan's Complaint repeatedly alleges unconstitutional State action and alludes to a conspiracy between the State and its agencies to violate the rights of the Cowan family. (Doc. 2.)

Accordingly, IT IS ORDERED that this matter is DISMISSED. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that in light of this dismissal, Cowan's motion for injunctive relief (Doc. 3) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

Dated this 6th day of January, 2014.

Donald W. Molloy, District Judge
United States District Court